IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARY LAWRENCE | § § | |
| vs. | § § | CIVIL ACTION __6:21cv26__ |
| | § | JURY REQUESTED |
| WAL-MART STORES TEXAS, LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **MARY LAWRENCE**, hereinafter called Plaintiff, complaining of **WAL-MART STORES TEXAS, LLC**, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

### I. Parties

1.1    Plaintiff **MARY LAWRENCE**, whose last three digits of her driver's license number are 647, and the last three digits of her social security number are 146, is a resident of Montgomery, Montgomery County, Texas.

1.2    Defendant **WAL-MART STORES TEXAS, LLC**, herein referred to as **WAL-MART**, whose address is 702 SW 8th Street, C/O SALES TX #0555, Bentonville, AR 72716-6209, is a foreign limited liability company authorized to conduct business in the State of Texas, and may be served with citation by certified mail, return receipt requested by serving its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. Request for Substitution of True Name

2.    To the extent the above-named Defendant **WAL-MART STORES TEXAS, LLC,** is conducting business pursuant to a trade name or assumed name or otherwise alleges it

is not the real party in interest. Upon answering this suit, Defendant is requested to answer in their correct legal name so that they may be substituted into the action pursuant to Rule 17(a)(3) of the Federal Rules of Civil Procedures.

### III. Jurisdiction

3.1     Complete diversity. Plaintiff **MARY LAWRENCE** is a citizen of the State of Texas. Defendant **WAL-MART** is a foreign limited liability company authorized to conduct business in the State of Texas. The matter in controversy exceeds, exclusive of costs and interest, the sum specified by 28 U.S.C. Sec. 1332.

3.2     Plaintiff further asserts that this Court has personal jurisdiction over the Defendant by virtue of contacts and business conducted by the Defendant in Texas.

### IV. Venue

4.1     Venue is proper in the Victoria Division of the Southern District of Texas pursuant to 28 U.S.C. Sec. 1391(b)(1) because the Defendant **WAL-MART**, resides and maintains an office in the Victoria Division of the Southern District of Texas.

4.2     Plaintiff contends venue is proper in the Victoria Division of the Southern District of Texas because the cause of action occurred in Wharton County, Texas, which is in the Victoria Division of the Southern District of Texas.

### V. Nature of the Action

5.1     Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff as a result of a dangerous condition on Defendant's property.

5.2     On or about March 5, 2020, Plaintiff was an invitee on the Defendant's property, Wal-Mart Store #5246 located at 10388 US-59, Wharton, Texas 77488 ("the premises"). The premises was owned or leased, occupied and maintained by Defendant **WAL-MART**.

5.3     At the premises on the occasion in question, Plaintiff was walking in the middle of produce section when she tripped and fell on a piece of a crate from an orange pallet container which was sticking out causing her to trip and suddenly and violently hit the floor, striking her right knee and right shoulder in the process. The impact caused Plaintiff to sustain serious bodily injuries.

## VI. Negligence

6.1     Defendant through its employees, servants, agents and/or representatives knew or should have known of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant's failure to correct the condition and/or warn Plaintiff constitutes negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

## VII. Respondeat Superior

7.1     Whenever in this petition, it is alleged that the Defendant did any act or thing, it is meant that the Defendant's agents, officers, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

Case 6:21-cv-00026   Document 1   Filed on 05/17/21 in TXSD   Page 4 of 5

## VIII. Damages

8.1     As result of the above described, the Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment. Plaintiff has experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future. Plaintiff has also been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries.

## IX. Exemplary Damages

9.1     The Plaintiff would further show that the Defendant, by its actions through its agents, servants and employees, were guilty of gross negligence and that the Defendant's conduct amounted to a heedless and reckless disregard of the rights of others affected by it, in particularly Plaintiff. The Defendant's conduct amounted to such an entire want of care as to indicate that its acts or omissions as hereinbefore alleged was the result of a conscious indifference to the rights, welfare or safety of the persons affected by it, in particular Plaintiff, and such acts were a proximate cause of the incident made the basis of this suit and resulting damages to Plaintiff. As a result of the gross negligence of the Defendant, the Plaintiff herein is entitled to recover exemplary or punitive damages from Defendant, in addition to the compensatory damages to which Plaintiff is entitled, for which amounts Plaintiff herenow sues.

9.2     Plaintiff would show that nothing Plaintiff did nor failed to do caused or in any way contributed to the cause of the occurrence made the basis of this suit. To the contrary, the conduct of Defendant constitutes negligence as that term is understood in the law, and such conduct was a proximate cause of the occurrence made the basis of this suit.

Page 4

10.1    WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff will recover:

    a.    judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

    b.    interest on said judgment at the legal rate from date of judgment;

    c.    prejudgment interest as allowed by law;

    d.    costs of court; and

    e.    a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Respectfully submitted,

**COLE, COLE, EASLEY & SCIBA, P.C.**
302 West Forrest Street
Victoria, Texas 77901
Telephone:  (361) 575-0551
Facsimile:  (361) 575-0986
E-mail:  leasley@colefirmservice.com

By: _____
R. LUTHER EASLEY
State Bar No. 24072797
Federal I.D. No. 1894391

*Attorneys for Plaintiff,*
*MARY LAWRENCE*

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY**